WICKER, J.
Concurs with Reasons.
LI agree with the result reached by the majority. However, I write separately to express my views on two matters.
First, the purpose of the enabling hearing officer statute, La. R.S. 46:236.5(0, was completely defeated here. The Legislature adopted La. R.S. 46:236.5, which authorizes the use of hearing officers in domestic cases. The protracted litigation in this case demonstrates the failure to achieve the contemplated expedited review of the enabling statute authorizing hearing *998 officers.[1] Mindful of the expedited-review directive, the 24th Judicial District Court has adopted rules to ensure statutory compliance. Title IV, Rule 23.0(E)(4)[2]. Prompt settings of conferences are required.[3] And, a short delay is imposed for objecting to a hearing officer’s recommendation or order.[4]
Furthermore, Title IV, Rule 24.1(B)(3)(c) of the District Court Rules for the 24th Judicial District Court discourages continuances. “Hearing officer conferences shall be continued only for good cause shown.” Title IV, Rule 28.2(D)(1). “Every attempt shall be made to conduct hearing officer conferences on the date and time originally set.” Id.
|2In this case, there were a significant number of rules that were continued without date. Title IV, Rule 28.2(D)(3) of the District Court Rules for the 24th Judicial District Court mandates that hearing officer conferences “shall not be continued without date unless the case is being dismissed, except for good cause.” Generally, once a motion to continue is granted, the hearing officer “shall notify the district court of the continuance and shall reset the matter on the dockets of both the hearing officer and the district court.” Title IV, Rule 28.2(D)(4). Title IV, Rule 28.4(B) provides that “[e]very attempt shall be made to hold hearing officer conferences and district court and commissioner hearings and trials on the dates originally set.” “All attorneys shall bring their calendars to the hearing officer conference to facilitate in scheduling additional conferences or rule dates.” Title IV, Rule 24.1(B)(3)(c).
The record in this case reflects that there were numerous continuances, often without date in these and related matters. These proceedings began in 2006 and spanned the three-year period from 2006 to 2009. The long-drawn-out litigation in this case represents the very type of litigation the statute and the District Court Rules sought to prevent.
Second, this case illustrates the problems that arise when the trial court does not hold an evidentiary hearing.
R.S. 46:236.5(C)(6) provides: “Any party who disagrees with a judgment or ruling of a hearing officer ... may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule.”[5] La. R.S. 46:236.5(0(6) provides that “[t]he objection shall be heard by the judge of the district court to whom the case is assigned.” “Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of *999 the hearing officer.” Id. “If the judge in | cjhis discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.” Id.[6]
La. Const, art. 1, § 2 provides: “No person shall be deprived of life, liberty, or property, except by due process of law.” The majority correctly recognizes that “a full evidentiary hearing must be conducted” in order that the trial judge make the necessary factual findings required by La. C.C. art. 113 for determining interim spousal support. Such an evidentiary hearing comports with due process.
The hearing officer is not required to take testimony or to make a record of the hearing officer conference. Such matters are discretionary. R.S. 46:236.5(C)(4)(f) and (i).[7] The trial judge should be cognizant of the need, as in this case, for an evidentiary hearing in matters requiring an evidentiary hearing in order to satisfy due process concerns.

. The purpose of the enabling hearing officer statute is an expeditious hearing. R.S. 46:236.5(C).

. “The domestic hearing officer position is created to facilitate an expedited process, for the handling of domestic matters including divorce and all issues ancillary to a divorce proceeding pursuant to La. R.S. 46:236.5.’’

. Title IV, Rule 24.0(A)(3)(a) requires that the "the clerk of court shall endeavor to set a domestic hearing officer conference date before the hearing officer in not less than thirty (30) nor more than thirty-five (35) days of the date of filing, unless an earlier, or later, date is required by law.”

. Title IV, Rule 24.0(3)(e) provides for a three-day period: "A party shall have three (3) days from the receipt of the recommendation or order of the domestic hearing officer to file a written objection to said recommendation or order.” Id.

. See infra note 4.

. Tide IV, Rule 24.1(B)(10)(c) similarly provides:
The objection shall be heard by the district judge or domestic commissioner to whom the case is allotted as provided by these rules. The matter shall be heard by the district judge or domestic commissioner as a contradictory hearing wherein the judge or commissioner shall accept, reject, or modify in whole or in part the findings and recommendations of the hearing officer. The district judge or domestic commissioner may receive evidence at the hearing or remand the proceeding to the hearing officer, as set forth in Rule 23.

. The statute provides as follows:
In furtherance of and in addition to making written recommendations ... the hearing officer may do the following:
(f) Take testimony.
(i) Make a record of the hearings authorized by this Section.